UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THALYSON DIEGO AUGUSTO SANTOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-0062 (ABJ) |
| ) | |
| KRISTI NOEM, Secretary of Homeland Security, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MOTION TO TRANSFER AND DISMISS AND**
**MEMORANDUM IN SUPPORT THEREOF**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS..............................................................................................................i

TABLE OF AUTHORITIES ....................................................................................................ii

BACKGROUND ......................................................................................................................1

ARGUMENT ...........................................................................................................................2

    I.      The Court Should Transfer This Action. .................................................................2

           A.      This Case Could Have Been Brought in Plaintiff's District ......................3

           B.      The Relevant Factors Support Transferring this Case to Plaintiff's District....................................................................................................3

    II.     Plaintiff's Claims Are Also Ripe to be Dismissed Due to Their Lack of Connection to This District...................................................................................9

           A.      Venue Is Improper from the Face of the Complaint. ...............................10

           B.      Venue Is Improper Because Plaintiff Pleads No Plausible Claims Against the Sole D.C.-Based Defendants. .................................................11

    CONCLUSION.......................................................................................................14

## TABLE OF AUTHORITIES

**Case**                                                                                                                **Page**

*Aftab v. Gonzalez*,
597 F. Supp. 2d 76, 84 (D.D.C. 2009) ............................................................................ 5-6, 14

*Aishat v. Dep't of Homeland Sec.*,
288 F. Supp. 3d 261 (D.D.C. 2018) (Boasberg, J.) ................................................................4, 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................................................12

\* *Bourdon v. Dep't of Homeland Sec.*,
235 F. Supp. 3d 298 (D.D.C. 2017) (Kollar-Kotelly, J.) ........................................................ 4-8

\* *Cameron v. Thornburgh*,
983 F.2d 253 (D.C. Cir. 1993) ..................................................................................2-3, 10-11, 14

*Chauhan v. Napolitano*,
746 F. Supp. 2d 99 (D.D.C. 2010) (Sullivan, J.) .......................................................................4

*Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*,
75 F. Supp. 3d 353 (D.D.C. 2014) (Howell, J.) ..................................................................... 2-3

*Gyau v. Sessions*,
Civ. A. No. 18-0407 (RCL), 2018 WL 4964502 (D.D.C. Oct. 15, 2018) ......................................4

*In re Sanikanti*,
No. 20-5148 (D.C. Cir. July 8, 2020) (*per curiam* slip op.) ...................................................... 4-5

*Khamoush v. Mayorkas*,
Civ. A. No. 21-1239 (RC), 2021 WL 4709719 (D.D.C. Oct. 8, 2021)..........................................4

*Lamont v. Haig*,
590 F.2d 1124 (D.C. Cir. 1978) ............................................................................................. 1-2, 13

*McAfee LLC v. USCIS*,
Civ. A. No. 19-2981 (DLF), 2019 WL 6051559 (D.D.C. Nov. 15, 2019) ...........................3-4, 7-8

*Mikkilineni v. Pennsylvania*,
Civ. A. No. 02-1205, 2003 WL 21854754 (D.D.C. Aug. 5, 2003) .............................................13

*Mohammadi v. Scharfen*,
609 F. Supp. 2d 14 (D.D.C. 2009) ..........................................................................................4, 10

*MVP Sports, Inc. v. Cissna*,
Civ. A. No. 19-0742 (KBJ), 2020 WL 5816239 (D.D.C. Sept. 30, 2020) .............................10, 14

*Nelson v. USCIS,*
Civ. A. No. 20-1934 (CKK), 2021 WL 765660 (D.D.C. Feb. 25, 2021) .......................................4

*Ngonga v. Sessions,*
318 F. Supp. 3d 270 (D.D.C. 2018) (Boasberg, J.)...................................................................4

*Pasem v. USCIS,*
Civ. A. No. 20-0344 (CRC), 2020 WL 2514749 (D.D.C. May 15, 2020) ...................................5

*Pearson v. Rodriguez,*
174 F. Supp. 3d 210 (D.D.C. 2016) (Hogan, J.) ......................................................................4

*Pres. Soc. of Charleston v. U.S. Army Corps of Eng'rs,*
893 F. Supp. 2d 49 (D.D.C. 2012) (Boasberg, J.)....................................................................8

*Roh v. USCIS,*
Civ. A. No. 21-1291 (RJL), 2021 WL 5050071 (D.D.C. Nov. 1, 2021) .....................................4

*Salha v. Dep't of Homeland Sec.,*
Civ. A. No. 20-1102 (KBJ), 2020 WL 5505350 (D.D.C. Sept. 11, 2020) .................................12

*Tower Labs, Ltd. v. Lush Cosmetics Ltd.,*
285 F. Supp. 3d 321 (D.D.C. 2018) (Boasberg, J.)..................................................................6

*Trout Unlimited v. Dep't of Agric.,*
944 F. Supp. 13 (D.D.C. 1996).................................................................................................5

*W. Watersheds Project v. Pool,*
942 F. Supp. 2d 93 (D.D.C. 2013) (Bates, J.)......................................................................3, 8

\*   *Wolfram Alpha LLC v. Cuccinelli,*
490 F. Supp. 3d 324 (D.D.C. 2020) (Contreras, J.) ..........................................................4-6, 8-9

*Yuanxing Liu v. Lynch,*
Civ. A. No. 14-1516 (APM), 2015 WL 9281580 (D.D.C. Dec. 8, 2015)..................................11

## Statutes, Regulation, Rules, and Other Authorities

5 U.S.C. § 702 ................................................................................................................. 12-13

8 U.S.C. § 1103 ...................................................................................................................12

8 U.S.C. § 1421 .....................................................................................................................7

28 U.S.C. § 1391 ........................................................................................................3, 11, 13

28 U.S.C. § 1404 .................................................................................................1-3, 10-11

8 C.F.R. § 100.1 ...................................................................................................................12

8 C.F.R. § 103.2 ...................................................................................................................12

Fed. R. Civ. P. 12 ...................................................................................................1, 10, 11, 13

By and through their undersigned counsel, and pursuant to Section 1404 of Title 28 of the U.S. Code, Defendants—certain agencies and officials of the United States responsible for administering the Nation's immigration laws and programs—respectfully move to transfer this action to Western District of Tennessee, where Plaintiff resides ("Plaintiff's District"). Additionally, Defendants move to dismiss this case under Federal Rules of Civil Procedure ("Rules") 12(b)(6) and 12(b)(3) as Plaintiff fails to plead facts that make plausible any claim against officials that reside in this District, rendering this District not just an inconvenient, but also an improper, venue for this action. Ultimately, because Plaintiff challenges decisions made outside of this District, this District is an inconvenient and unsuitable forum for Plaintiff's claims as many cases in this District have held.

## **BACKGROUND**

Plaintiff, who resides in Memphis, Tennessee, seeks to challenge the denial of his immigration applications. *See generally* Compl. One denial occurred at the U.S. Citizenship and Immigration Services ("USCIS") Memphis Field Office located in Memphis, Tennessee. The other denial occurred at the Nebraska Service Center (the "Service Center") in Lincoln, Nebraska. *See* Compl. at 3.[1]

The lone Defendant that resides for official capacity purposes in the District of Columbia is the Secretary of Homeland Security (the "Secretary"). *See Lamont v. Haig*, 590 F.2d 1124, 1128 (D.C. Cir. 1978) (collecting citations and noting, "what controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an

---

[1]    USCIS Service Centers adjudicate certain immigration and petitions and do not provide in-person services to noncitizens. *See* USCIS Service Centers, https://egov.uscis.gov/office-locator/#/serv. In-person appointments are handled at USCIS Field Offices, e.g., interviews for non-asylum cases. *See* USCIS Field Offices, https://www.uscis.gov/about-us/find-a-uscis-office/field-offices.

individual who is a defendant"); DHS Mailing Address, https://www.dhs.gov/dhs-mailing-address (noting the Department of Homeland Security is headquartered in Southeast, Washington, DC). Importantly, USCIS is no longer headquartered in this District, having moved its headquarters to Camp Springs, Maryland in 2020. *See, e.g., Melnattur v. USCIS*, Civ. A. No. 20-3013 (JDB), 2021 WL 3722732, at *3 (D.D.C. Aug. 23, 2021) (transferring immigration mandamus suit; "although USCIS used to be headquartered in Washington, D.C., the agency recently moved its headquarters to Camp Springs, Maryland, effective December 2020"); *Wei Lai Dev. LLC v. USCIS*, Civ. A. No. 21-0887 (RDM), 2021 WL 2073403, at *3 (D.D.C. May 24, 2021) (transferring suit; noting same; remarking, "the propriety of venue in the District of Columbia is in doubt"); *Bahena v. Renaud*, Civ. A. No. 21-0291 (RDM), 2021 WL 1820232, at *1 (D.D.C. May 6, 2021) (transferring case, "[t]he USCIS headquarters moved to Camp Springs, Maryland before Plaintiffs brought suit").

## ARGUMENT

In short, this case does not belong in this District. The Court should transfer it to a more convenient forum or dismiss it.

## I.    THE COURT SHOULD TRANSFER THIS ACTION.

A case may be transferred to any district where venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014) (internal quotation marks omitted). "Thus, transfer . . . must . . . be justified by particular circumstances that render the transferor forum inappropriate by reference to the considerations specified in that statute." *Id.* (internal quotation marks omitted). "The movant bears the burden of persuasion that

transfer of an action is proper." *Id.* Importantly, "[c]ourts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). And, "[i]n cases brought under the APA, courts generally focus on where the decisionmaking process occurred to determine where the claims arose." *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 99 (D.D.C. 2013) (Bates, J.).

This case presents a controversy with no meaningful connection to the District of Columbia. As such, the Court should transfer this case to Plaintiff's District (where Plaintiff resides). *See* 28 U.S.C. § 1404(a).

### A.    This Case Could Have Been Brought in Plaintiff's District.

"The first step in resolving a motion for transfer of venue under § 1404(a) is to determine whether the proposed transferee district is one where the action 'might have been brought.'" *Ctr. for Env't Sci.*, 75 F. Supp. 3d at 356. "In actions raising a federal question by naming as a defendant a federal agency or United States official in his or her official capacity, venue is proper in any judicial district where (1) a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) a plaintiff resides if no real property is involved in the action." *Id.* (quoting 28 U.S.C. § 1391(e)(1)) (internal quotation marks omitted). Here, Plaintiff is located in Plaintiff's District. Thus, this case "might have been brought" in Plaintiff's District.

### B.    The Relevant Factors Support Transferring this Case to Plaintiff's District

After resolving the threshold inquiry, the Court must turn to the core of the matter, namely whether the case is more conveniently handled in Plaintiff's District rather than this District. This inquiry requires the Court to "weigh the public and private interests." *McAfee LLC v. USCIS*, Civ.

A. No. 19-2981 (DLF), 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019). Here, the private and public interest factors favor transferring this case.

Indeed, the great weight of authority in this District suggests that Plaintiff could have and should have brought this case in Plaintiff's District. *See Roh v. USCIS*, Civ. A. No. 21-1291 (RJL), 2021 WL 5050071, at *1 (D.D.C. Nov. 1, 2021) (transferring immigration mandamus suit against USCIS to district where plaintiffs resided); *Khamoush v. Mayorkas*, Civ. A. No. 21-1239 (RC), 2021 WL 4709719, at *1 (D.D.C. Oct. 8, 2021) (same); *Nelson v. USCIS*, Civ. A. No. 20-1934 (CKK), 2021 WL 765660, at *3 (D.D.C. Feb. 25, 2021) (transferring action seeking review of the denial of an immigration application to the district where plaintiff resided); *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020) (Contreras, J.) (transferring action seeking review of the denial of an immigration application to the district where plaintiff resided); *McAfee*, 2019 WL 6051559, at *2 (transferring action seeking review of the denial of an immigration application to the district where plaintiff resided and the denial occurred); *Gyau v. Sessions*, Civ. A. No. 18-0407 (RCL), 2018 WL 4964502, at *1 (D.D.C. Oct. 15, 2018) (same); *Ngonga v. Sessions*, 318 F. Supp. 3d 270, 274 (D.D.C. 2018) (Boasberg, J.) (transferring action seeking review of the denial of an immigration application to the district where plaintiff resided); *Aishat v. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 272 (D.D.C. 2018) (Boasberg, J.) (transferring case seeking to compel action on immigration application to the district where plaintiff resided and application was pending); *Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 310 (D.D.C. 2017) (Kollar-Kotelly, J.) (transferring action seeking review of the denial of an immigration application to the district where plaintiff resided and the denial occurred); *Pearson v. Rodriguez*, 174 F. Supp. 3d 210, 214 (D.D.C. 2016) (Hogan, J.) (same); *Chauhan v. Napolitano*, 746 F. Supp. 2d 99, 102 (D.D.C. 2010) (Sullivan, J.) (transferring case seeking to compel action on immigration

application to the district where plaintiff resided and application was pending); *Mohammadi v. Scharfen*, 609 F. Supp. 2d 14, 16 (D.D.C. 2009) (same). And the D.C. Circuit has held that transfers of this sort are not an abuse of the Court's discretion. *See In re Sanikanti*, No. 20-5148 (D.C. Cir. July 8, 2020) (per curiam slip op.) (denying petition for writ of mandamus, holding that district court did not abuse its discretion in transferring claims seeking to compel agency action on immigration applications to the districts where the applications were pending).

### 1.     Private Interest Factors

In weighing transfer, "the Court considers the following private interest factors:  (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties, (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof." *Bourdon*, 235 F. Supp. 3d at 305.

#### a.     *The Parties' Chosen Forums, the Locus of the Claims, and the Convenience of the Parties*

Plaintiff's choice of forum is afforded minimal weight because the District of Columbia is not Plaintiff's home forum and the District of Columbia has few, if any, factual ties to this case. *See, e.g., id.* ("Although the plaintiff's choice of forum is ordinarily entitled to deference, that choice is conferred considerably less deference when it is not the plaintiff's home forum, has few factual ties to the case at hand, and defendants seek to transfer to plaintiff's home forum"); *Pasem*, 2020 WL 2514749, at *4 (concluding that deference to a plaintiff's choice of forum "'is minimized when the forum chosen is not the plaintiff's home forum'") (quoting *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996)). Here, Plaintiff does not reside in the District of Columbia and does not claim that any relevant factual events occurred in the District of Columbia.

In such circumstances, "[t]his factor . . . provides little if any support for maintaining venue in the District of Columbia." *Bourdon*, 235 F. Supp. 3d at 305; *see also, e.g., Wolfram Alpha*, 490 F. Supp. 3d at 333 ("deference to [plaintiff's] choice is limited because [p]laintiff is not a resident of the District of Columbia and this action lacks meaningful ties to the District of Columbia"); *Aftab*, 597 F. Supp. 2d at 81 (plaintiff's "choice of this district as a forum commands diminished deference" where "the claim involves identifiable relevant events occurring in the transferee district and virtually none in this district").

Rather, the private interest factors that are "of predominant importance" are those demonstrating that a plaintiff's claims arose in another District. *Bourdon*, 235 F. Supp. 3d at 305; *see also, e.g., Wolfram Alpha*, 490 F. Supp. 3d at 333 ("The location of activities giving rise to the action weighs heavily in favor of transfer"). The Court has a lengthy history of transferring cases seeking to review or compel decisions on immigration applications to a plaintiff's home district. *See supra*. This is because evidence underlying a non-citizen's claims in such circumstances is located in that district (i.e., with the plaintiff) and the alleged injuries from the wrongful actions are felt in plaintiff's home district. *See, e.g., Wolfram Alpha*, 490 F. Supp. 3d at 333.

Here, Defendants seek to transfer this action to Plaintiff's District (Defendants' chose forum) because a plaintiff "cannot reasonably claim to be inconvenienced by litigating in [his] home forum." *Wolfram Alpha*, 490 F. Supp. 3d at 333 (quoting *Aishat*, 288 F. Supp. 3d at 269, and *Tower Labs, Ltd. v. Lush Cosmetics Ltd.*, 285 F. Supp. 3d 321, 326 (D.D.C. 2018) (Boasberg, J.) (transferring patent action to plaintiff's home forum, noting "when the forum preferred by the plaintiff is not his home forum, and the defendant prefers the *plaintiff's* home forum, then there is little reason to defer to the plaintiff's preference.") (emphasis in original; citation omitted)).

6

Moreover, by favoring a rule that transfers application-specific immigration cases[2] to the home districts of plaintiffs, no single district will face a heavy concentration of immigration matters simply because it is home to a USCIS service center.[3]

b.      *Remaining Private Interest Factors.*

The remaining private interest factors are neutral or favor transfer. As the *McAfee* Court explained for "claims [that] arose primarily in the Central District [of California,]" that "District likely will be more convenient for potential witnesses and evidence." *McAfee*, 2019 WL 6051559, at *2. Here, to the extent that any hearing is held, holding such a hearing in Plaintiff's District would be convenient because at least one party involved in the adjudication is located in that District (namely, Plaintiff).

At bottom, "where, as here, the only real connection [the] lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the [administrative] process, venue is not appropriate in the District of Columbia." *Bourdon*, 235 F. Supp. 3d at 307 (quotation marks omitted; alterations in original). That is particularly true here, where the agency with direct responsibility over the challenged administrative process —USCIS—is not headquartered in the District of Columbia. Accordingly, the private interest factors in this case weigh in favor of transfer.

---

[2]      Defendants use the term "application-specific immigration cases" to refer to cases seeking to review or compel decisions on particular applications that do not include a broader challenge to a nationwide policy emanating from officials in the District of Columbia.

[3]      Additionally, transferring this action to Plaintiff's home district is consistent with venue requirements for seeking review of naturalization applications, which must be brought in the District where the non-citizen resides. *See* 8 U.S.C. § 1421(c).

### 2.    Public Interest Factors

There are three public interest factors that the Court must also consider in assessing a request to transfer: "(1) the transferee's familiarity with the governing laws and the pendency of related actions in the transferee's forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Bourdon*, 235 F. Supp. 3d at 308 (quotation marks omitted). Here, each such factor is either neutral or weighs in favor of transfer.

In cases like this one, "[t]he interest in deciding local controversies at home is the public interest factor of most importance[.]" *Id.*; *see also, e.g., Wolfram Alpha*, 490 F. Supp. 3d at 338-39 ("perhaps most important amongst the public factors, the local interest in deciding local controversies at home factor weighs in favor of transfer to" a plaintiff's home district). To determine whether the case presents a local controversy, courts "consider a wide variety of factors, including: where the challenged decision was made; whether the decision directly affected the citizens of the transferee state; the location of the controversy[;] . . . and whether there was personal involvement by a District of Columbia official." *Bourdon*, 235 F. Supp. 3d at 308.

As discussed herein, this matter presents a local controversy that should be decided by Plaintiff's District. Plaintiff's injuries (if any) are felt by Plaintiff in Plaintiff's District. *See, e.g., Pres. Soc. of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012) (Boasberg, J.) (factor favored transfer "[b]ecause any potential impacts are to be felt locally"); *see also McAfee*, 2019 WL 6051559, at *1 (holding that the local interest prong favors transfer because "courts [have] a local interest in having localized controversies decided at home, including even controversies requiring judicial review of an administrative decision") (quotation marks omitted). This public interest factor, which the Court explained is "most importan[t]," *Bourdon*, 235 F. Supp. 3d at 308, weighs heavily in favor of transfer.

Additionally, there is no reason to suspect that any federal district court is unfamiliar with federal immigration law. *See W. Watersheds*, 942 F. Supp. 2d at 101 ("Judges in both districts are presumed to be equally familiar with the federal laws governing this dispute, and thus this factor is not germane[.]"). Because Plaintiff pursues federal claims requiring interpretation of federal law, "[t]he transferee district is presumed to be equally familiar with the federal laws governing [the plaintiff's] claims." *Wolfram Alpha*, 490 F. Supp. 3d at 334 (alterations in original; quotation marks omitted).

Lastly, there can be no dispute that each District (this District and the Plaintiff's District) faces congested dockets. *See* U.S. District Court—Caseload Statistics Data Tables, available at https://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables (latest Table C-5, Median Time from Filing to Disposition of Civil Cases by Action Taken). Moreover, "[t]hese statistics are not perfect indicators of court congestion as they may be influenced by additional factors" and "[d]epending on which metric a Court chooses to assess relative congestion, the weighing of this factor [often] points in different directions." *Wolfram Alpha*, 490 F. Supp. 3d at 336-37. Accordingly, this factor is neutral or, at best, only slightly moves the needle one way or another. *See id.*

At bottom, given the local nature of this controversy, this Court should transfer the case to Plaintiff's District.

## II.    PLAINTIFF'S CLAIMS ARE ALSO RIPE TO BE DISMISSED DUE TO THEIR LACK OF CONNECTION TO THIS DISTRICT.

Plaintiff's claims are also subject to dismissal because of their lack of connection to this District. That is, Plaintiff's complaint contains no factual allegations that make plausible the claims asserted against the lone defendant who officially resides in this District for venue purposes, the Secretary. As such, whether this failure is viewed as a direct defect in venue, or renders the claims

against the Secretary susceptible to being dismissed for failing to state a claim, the result is the same. Venue for Plaintiff's application-specific action is not properly found in this District.

As an initial matter, were the Court to transfer this action under Section 1404, the Court need not consider Defendants' motion to dismiss. Indeed, confronted with both a motion to transfer and a motion dismiss in application-specific immigration cases, the Court has routinely denied without prejudice and with leave to refile the motion to dismiss when granting the motion to transfer. *See, e.g., Mohammadi*, 609 F. Supp. 2d at 16 ("In light of the transfer, the court does not address the defendants' motion to dismiss."). This is especially true here when Defendants' motion to dismiss is, at bottom, one concerning venue.[4] That said, dismissal of Plaintiff's complaint would plainly be warranted as discussed below.

### A.    Venue Is Improper from the Face of the Complaint.

As noted above, this jurisdiction has long recognized that a litigant cannot name high-ranking officials residing here to manufacture venue in this District. *See Cameron*, 983 F.2d at 256. Indeed, the D.C. Circuit has expressly cautioned "[b]y naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere." *Id.* The Circuit's longstanding holding of *Cameron* has led the Court to find venue as lacking where the complaint merely rests venue on a "bare assumption that policy decisions made in Washington might have affected" the matter. *Id.* at 258; *see also, e.g., MVP Sports, Inc. v. Cissna*, Civ. A. No. 19-0742 (KBJ), 2020 WL 5816239, at *2 (D.D.C. Sept. 30, 2020) (finding this District was an improper venue in an application-specific immigration case; noting, "it is well settled that naming the director of an agency headquartered in this district 'does not alone anchor venue in the

---

[4]    For this reason, Defendants have drafted their Proposed Order as one granting Defendants' motion to transfer this action to Plaintiff's District and denying as moot, without prejudice, and with leave to refile in the transferee court a subsequent Rule 12 motion as appropriate.

District of Columbia'") (internal alterations and citations omitted).[5] Here, Plaintiff pleads no connection to the Secretary's official acts that caused the denial alleged in Plaintiff's complaint. Instead, as Plaintiff recognizes by naming a USCIS official, Plaintiff's application was under the control of the Service Center, not officials in this District, when it was denied. Because Plaintiff's basis for venue is anchored on (at most) unsupported assumptions that the Secretary has some direct role in this matter, the Court may dismiss this suit under Rule 12(b)(3) based on a lack of venue.

### B.    Venue Is Improper Because Plaintiff Pleads No Plausible Claims Against the Sole D.C.-Based Defendants.

Even were venue technically proper in this District from the face of the complaint because Plaintiff facially named the Secretary as a defendant, Plaintiff fails to plead any plausible claim arising from the Secretary's official acts. As such, the Court may dismiss the Secretary under Rule 12(b)(6), and with the Secretary gone, there is no conceivable basis for venue under Section 1391(e). *See Cameron*, 983 F.2d at 257 ("Pendent venue could hardly be used to allow the [remaining] action to hang from a cause of action that had" been dismissed).

Plaintiff fails to plausibly allege any official actions that the Secretary has himself taken that are at issue in this case. Nor could Plaintiff. It is clear as a matter of law that the Secretary has delegated authority for processing and adjudicating immigration applications to USCIS. *See, e.g.,* 8 C.F.R. § 100.1, *et seq.*; 8 C.F.R. § 103.2, *et seq.*; *Gonzalez v. Cuccinelli*, 985 F.3d 357, 362 (4th

---

[5]    Other judges of this Court have concluded that this District is technically a proper venue for application-specific immigration cases when transferring cases to other districts under Section 1404. *See, e.g., Yuanxing Liu v. Lynch*, Civ. A. No. 14-1516 (APM), 2015 WL 9281580, at *2 (D.D.C. Dec. 8, 2015) (concluding the venue was appropriate in D.C. because complaint named the Attorney General and Secretary). That said, in those cases the Government did not also seek to dismiss the lone D.C.-based defendants due to a plaintiff's failure to plausibly allege claims. *See id.* As such, they are distinguishable for purposes of this motion to dismiss.

Cir. 2021) (finding court lacked jurisdiction to consider claims seeking to compel USCIS to adjudicate work authorizations for U-visa holders, noting that the Secretary has "delegated much of [his] authority to" USCIS). And Plaintiff's complaint recognizes this fact by naming USCIS officials as defendants and pleading their alleged failures, recognizing that they have the delegated authority to act on Plaintiff's application. Without factual allegations making Plaintiff's official capacity claims against the Secretary plausible (e.g., an improper delegation, an unlawful agency policy of delay) they cannot proceed. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

Obviously, where a plaintiff seeks to challenge a rulemaking or other policy or practice of an Executive Branch agency, the head of the agency is the ordinary and appropriate defendant and target of any potential injunction or decree issued by the Court, making venue in those cases appropriate here. *See* 5 U.S.C. § 702; *Salha v. Dep't of Homeland Sec.*, Civ. A. No. 20-1102 (KBJ), 2020 WL 5505350, at *2 (D.D.C. Sept. 11, 2020) (refusing to transfer immigration case that "focus primarily on allegedly unlawful policy decisions made in Washington, D.C.—and not the actions of officials at" the USCIS service center). And the Secretary clearly has the statutory authority to administer and enforce the Nation's immigration laws subject to certain restrictions, making him a potentially appropriate defendant where no other responsible immigration official can be identified. *See* 8 U.S.C. § 1103. But Plaintiff here does not present a policy or practice challenge, nor does Plaintiff lack other officers to sue.

Instead, Plaintiff seeks to challenge a USCIS decision on a specific immigration application made elsewhere by USCIS officials. Plaintiff's complaint acknowledges as much, and the relief Plaintiff seeks in any injunction is to reverse the denial of the application. As such, any writ of mandamus or injunction under the Administrative Procedure Act ("APA") should, if Plaintiff prevails, be directed to those officials. *See* 5 U.S.C. § 702 (an APA injunction "shall specify the

Federal officer or officers (by name or by title), and their successors in office, *personally responsible for compliance*") (emphasis added). And, thus, Plaintiff's complaint fails to plausibly plead an official capacity mandamus or compulsion claim against the Secretary himself.

With the Secretary gone from the case, no Defendant conceivably resides in this District for purposes of venue. USCIS and the USCIS Director now reside in Maryland for official-capacity venue purposes, and the USCIS officials that adjudicated Plaintiff's application reside outside of this District. *See Lamont*, 590 F.2d at 1128 (collecting citations; noting, "what controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant."); 28 U.S.C. § 1391(e); *see also Mikkilineni v. Pennsylvania*, Civ. A. No. 02-1205, 2003 WL 21854754, at *7 (D.D.C. Aug. 5, 2003) (after dismissing claims against D.C.-based federal officials there existed no basis for venue as to other defendants in D.C., dismissing claims under Rule 12(b)(3)).

Moreover, Plaintiff could not manufacture venue in this District by naming the Department of Homeland Security, the United States writ-large, or another D.C.-based, high-ranking official as a defendant. This is because it is the official residence of the relevant federal officials that controls the analysis. Indeed, as noted above, where an application-specific immigration suit has no meaningful connection to this District, venue is improper here. *See MVP Sports*, 2020 WL 5816239, at *2. This is because "[c]ourts in this circuit must examine challenges to venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia because by naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere." *Aftab*, 597 F. Supp. 2d at 81 (quoting *Cameron*, 983 F.2d at 256). Here, that is plainly the case, and the Court may dismiss this suit as a result.

## **CONCLUSION**

Whether viewed under a motion to transfer or a motion to dismiss, this case ultimately does not belong here. Accordingly, the Court should transfer or dismiss it. A proposed order is enclosed herewith.

Dated:  March 24, 2025
        Washington, DC

                                          Respectfully submitted,

                                          EDWARD R. MARTIN, JR., D.C. Bar #481866
                                          United States Attorney

                                          By: _____/s/ *Kaitlin K. Eckrote*_____
                                              KAITLIN K. ECKROTE
                                              D.C. Bar #1670899
                                              Assistant United States Attorney
                                              601 D Street, NW
                                              Washington, DC 20530
                                              (202) 252-2485

                                          *Attorneys for the United States of America*