Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THALYSON DIEGO AUGUSTO SANTOS** | **CASE NO. 25-0062 (ABJ)** |
| *Plaintiff,* | **PLAINTIFFS' MEMORANDUM IN** |
| vs. | **OPPOSITION TO DEFENDANTS'** |
| **KRISTI NOEM, Secretary of Homeland** | **MOTION TO TRANSFER AND** |
| **Security, ET AL.** | **MOTION TO DISMISS** |
| *Defendants.* | |

1

2

3                                                **TABLE OF CONTENTS**

4

5

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION**
6
**TO TRANSFER AND MOTION TO DISMISS** ....................................................................**5**
7

8      **INTRODUCTION** .............................................................................................................**5**

9
       **STANDARD OF REVIEW**................................................................................................**6**
10

11     **ARGUMENT** .....................................................................................................................**8**

12
                       I.      **Plaintiffs have been properly joined, and Venue is proper in this District**.....8
13
                       a)      **Defendants' Residence in the District of Columbia**...........................................9
14

15                     b)      **Substantial Events Occurred in the District of Columbia**...............................10

16                     II.     **Plaintiff's Claims Are Sufficiently Pled**...........................................................11

17
       **CONCLUSION**................................................................................................................**15**
18

19     **CERTIFICATE OF SERVICE**.....................................................................................**16**

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

." *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014).....................................................7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)........................................................................7

*Aversa v. United States*, 99 F.3d 1200, 1209 (1 Cir., 1996)..................................................6

*Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015)....................7

*Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) ...................................................7

*Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993) ....................................9, 13

*Caremark Therapeutic Servs. v. Leavitt*, 405 F.Supp.2d 454, 457 .....................................7

*Greater Yellowstone Coalition v. Bosworth*..................................................................13

*Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124, 128 (D.D.C. 2001)..10

*Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ......................6

*Marbury-Pattillo Construction Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th

  Cir. 1974).......................................................................................................................6

*Mathews v. Diaz*, 426 U.S. 67, 77 (1976).........................................................................12

*Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988)..............................................................11

*Murphy v. United States,* 45 F.3d 520, 522 (1 Cir.), cert. denied, 515 U.S. 1144 (1995)..6

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) ....................................................10

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)............................................................7

*Thomson v. Gaskill,* 315 U.S. 442, 446 (1942) ...................................................................6

*TradeComet.com LLC v. Google, Inc.*, 693 F.Supp.2d 370, 375 ......................................7

*Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 17 (D.D.C. 1996)..............9, 11

*United States ex rel. Donohue v. Carranza*, 585 F.Supp.3d 383, 387 ...............................7

**Statutes**

28 U.S.C. § 1391(e) ...............................................................................................9, 12, 13

**Rules**

28 U.S.C. § 1404(a) ...................................................................................................6

Rule  12(b)(1) ...............................................................................................................6

Rule 12(b)(1) ...............................................................................................................6

Rule 12(b)(3) ...............................................................................................................6

Rule 12(b)(6) ...........................................................................................................7, 11

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'**
**MOTION TO TRANSFER AND MOTION TO DISMISS**

Plaintiff through his counsel, respectfully submit this opposition to Defendants' Motion to Transfer and Motion to Dismiss, (Dkt. 9), for the below reasons, Defendants' motion should be denied.

**INTRODUCTION**

Plaintiffs filed their complaint on January 9, 2025, arguing that the denial of Mr. Santos' I-485 application to adjust status was unjust and violated the Administrative Procedure Act and due process rights due to ineffective assistance of counsel. They seek declaratory and injunctive relief to compel USCIS to reopen and properly adjudicate the application.

Defendants have filed a motion to transfer and to dismiss, arguing that the lawsuit filed by the plaintiff, Mr. Santos, should be transferred to the Western District of Tennessee, where the plaintiff resides, as the current venue in the District of Columbia is improper and inconvenient. They argue that the plaintiff's claims lack a substantial connection to the District of Columbia, as the decisions being challenged were made outside this district, and the relevant officials involved in the decision-making process do not reside in this district. Additionally, the defendants contend that the plaintiff has failed to state a plausible claim against the officials based in the District of Columbia, as the actions in question were under the control of the USCIS Service Center, not the high-ranking officials named in the lawsuit. Consequently, they seek

dismissal of the case under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3) for failure to state a claim and improper venue, respectively.

## STANDARD OF REVIEW

To withstand a challenge under Rule 28 U.S.C. § 1404(a) "the plaintiff's choice of forum is not disturbed unless the balance of the factors weighs clearly in the defendant/movant's favor. As this court recognized in *Marbury-Pattillo Construction Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974), unless the balance is strongly in favor of the defendant, the Supreme Court has said that the plaintiff's choice of forum is not to be disturbed." *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

To withstand a challenge under Rule 12(b)(1) "Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942); *Aversa v. United States*, 99 F.3d 1200, 1209 (1 Cir., 1996). In ruling on a motion to dismiss for lack of jurisdiction, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff." *Aversa,* 99 F.3d at 1210; *Murphy v. United States,* 45 F.3d 520, 522 (1 Cir.), cert. denied, 515 U.S. 1144 (1995).

To withstand a challenge under Rule 12(b)(3) "The plaintiff bears the burden of proof of establishing proper venue in order to survive a Rule 12(b)(3) motion. *See United States ex rel. Donohue v. Carranza*, 585 F.Supp.3d

383, 387 (S.D.N.Y. 2022). And "[a]s with a motion to dismiss for lack of subject matter jurisdiction, courts may consider materials outside the pleadings on a motion to dismiss for improper venue." *Caremark Therapeutic Servs. v. Leavitt*, 405 F.Supp.2d 454, 457 (S.D.N.Y. 2005); *TradeComet.com LLC v. Google, Inc.*, 693 F.Supp.2d 370, 375 n.3 (S.D.N.Y. 2010).

To withstand a challenge under Rule 12(b)(6), "a complaint must set forth 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court reviewing a motion to dismiss under Rule 12(b)(6) must "accept as true all of the factual allegations contained in the complaint and draw all inferences in favor of the nonmoving party." *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014) (quotation marks omitted). Moreover, "[a] complaint survives a motion to dismiss even '[i]f there are two alternative explanations, one advanced by [the] defendant and the other advanced by [the] plaintiff, both of which are plausible.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (first bracket added)). Even if defendant believes that its version will "prove to be the true one . . . that does not relieve defendant[ ] of [its] obligation to respond to a complaint that states a plausible claim for relief, and to participate in discovery." *Id.*

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARGUMENT**

Plaintiff's complaint states two claims upon which relief may be granted. But Defendants raise three points in support of its contention that plaintiffs' complaint should be transferred and dismissed: (1) Improper Venue, (2) Plaintiffs lack Article III standing under Rule 12(b)(2) that the venue is improper for most plaintiffs, and (3) Plaintiffs' Claims Fail Under the Failure to State a Claim under Rule 12(b)(6).

**I.    Plaintiffs have been properly joined, and Venue is proper in this District**

Defendants argue for the transfer and dismissal of claims brought by Plaintiff, hat the venue in the District of Columbia is improper because the case lacks a substantial connection to this district. They argue that the plaintiff's claims do not have a meaningful link to the District of Columbia, as the decisions being challenged were made outside this district, and the relevant officials involved in the decision-making process do not reside in this district. The defendants assert that the plaintiff's attempt to establish venue in the District of Columbia is based on naming high-ranking officials who reside there, which they argue is insufficient to establish proper venue. They contend that the case should be transferred to a more appropriate district, specifically the Western District of Tennessee, where the plaintiff resides and where the events giving rise to the claim occurred.

### a) Defendants' Residence in the District of Columbia

Under "§ 2 of the Mandamus and Venue Act of 1962 (Act),..."venue is appropriate in any district where a defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where the plaintiff resides if no real property is involved. In this case, the presence of high-ranking federal officials, including the Secretary of Homeland Security, who reside in the District of Columbia, establishes a valid basis for venue. The D.C. Circuit has consistently recognized that the residence of federal officials in their official capacity can establish venue in the District of Columbia. In *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993), the court held that venue was proper in the District of Columbia when federal officials were named as defendants, as their official duties and decision-making processes were centered in this district. Similarly, in *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 17 (D.D.C. 1996), the court found that policy decisions made in the District of Columbia could establish venue, even if the direct effects of those decisions were felt elsewhere.

The decision-making processes and policies challenged in this case emanate from the headquarters of the Department of Homeland Security and USCIS, both located in the District of Columbia. This connection satisfies the venue requirement under 28 U.S.C. § 1391(e). The D.C. Circuit has held that policy decisions made in the District can establish venue, as seen in *Greater Yellowstone Coalition v. Bosworth*, 180

F. Supp. 2d 124, 128 (D.D.C. 2001), where the court emphasized that the location of the decision-making process is a critical factor in determining venue.

### b) Substantial Events Occurred in the District of Columbia

The plaintiff's choice of forum is given substantial deference, particularly when the forum has a meaningful connection to the case. In *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981), the Supreme Court noted that the plaintiff's choice of forum should rarely be disturbed unless the balance of factors strongly favors the defendant. Given the presence of key defendants and the policy decisions at issue in the District of Columbia, the plaintiff's choice of forum is justified.

The decision-making processes and policies challenged in this case emanate from the headquarters of the Department of Homeland Security and USCIS, both located in the District of Columbia. This connection satisfies the venue requirement under 28 U.S.C. § 1391(e), as policy decisions made in the District can establish venue, even if the direct effects are felt elsewhere. The D.C. Circuit has held that the location of the decision-making process is a critical factor in determining venue, as demonstrated in *Greater Yellowstone Coalition v. Bosworth*. By challenging the policies at their source, the plaintiffs are addressing the root of their grievances, making the District of Columbia a logical and appropriate venue for this litigation.

Litigating in the District of Columbia is convenient for the plaintiffs because it allows them to challenge the policies and decisions at their source, where the relevant federal agencies and officials are located. The D.C. Circuit has recognized the

importance of convenience in venue determinations, as seen in *Trout Unlimited v. U.S. Dep't of Agric.* By maintaining venue in the District of Columbia, the plaintiffs can efficiently gather and present the evidence needed to support their claims, promoting judicial economy and reducing the burden on all parties involved.

In conclusion, each of these factors—presence of high-ranking officials, origin of decision-making processes, deference to the plaintiff's choice of forum, and convenience of accessing key evidence—strongly supports maintaining venue in the District of Columbia. These considerations align with the principles of fairness, efficiency, and respect for the plaintiff's strategic litigation decisions, justifying the denial of the defendants' motion to transfer.

## II. Plaintiff's Claims Are Sufficiently Pled

Defendants argue that Plaintiff's claims should be dismissed for failure to state a claim under Rule 12(b)(6). However, Plaintiff has adequately pled claims for relief under the Administrative Procedure Act (APA) and due process violations.

Plaintiff challenges the denial of his I-485 application for adjustment of status, citing ineffective assistance of counsel as a basis for reopening the application with USCIS. This claim is firmly rooted in the precedent set by the Board of Immigration Appeals in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), which recognizes ineffective assistance of counsel as a legitimate ground for reopening cases. The Supreme Court has acknowledged the critical role of effective legal representation in ensuring fair administrative proceedings. In this case, plaintiff has pled sufficient facts

to support his assertion that the denial of his application was arbitrary and capricious under the APA. By demonstrating that the denial was based on counsel's ineffective assistance, the plaintiff has established a plausible claim that warrants judicial review and relief.

Plaintiff also asserts a violation of his due process rights, as established in *Mathews v. Diaz*, 426 U.S. 67, 77 (1976), which affirms that due process protections apply to all individuals in the United States, regardless of their immigration status. Plaintiff's allegations of ineffective assistance of counsel and the denial of a fair opportunity to present his case constitute a clear violation of due process. The D.C. Circuit has recognized the applicability of due process protections in administrative proceedings, ensuring that individuals are not deprived of their rights without fair procedures. By pointing to the procedural deficiencies and the impact of counsel's ineffectiveness on his ability to present his case, plaintiff has sufficiently pled a due process violation that merits consideration by the court.

In response to the defendants' assertion that venue is improper in the District of Columbia due to the lack of a substantial connection and the alleged failure to state a plausible claim against the Secretary of Homeland Security, we emphasize the legal and factual grounds that support plaintiff's position.

Firstly, under 28 U.S.C. § 1391(e), venue is appropriate in any district where a defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where the plaintiff resides if no real property is involved. In this case,

the presence of high-ranking federal officials, including the Secretary of Homeland Security, who resides and performs their official duties in the District of Columbia, establishes a significant connection to this forum. The D.C. Circuit has consistently recognized that the residence of federal officials in their official capacity can establish venue in the District of Columbia, as seen in *Cameron v. Thornburgh*.

Moreover, plaintiff's claims are not merely an attempt to manufacture venue by naming high-ranking officials without a substantial connection to the claims. The decision-making processes and policies challenged in this case emanate from the headquarters of the Department of Homeland Security located in the District of Columbia. This connection satisfies the venue requirement under 28 U.S.C. § 1391(e), as policy decisions made in the District can establish venue, even if the direct effects are felt elsewhere. The D.C. Circuit has held that the location of the decision-making process is a critical factor in determining venue, as demonstrated in *Greater Yellowstone Coalition v. Bosworth*.

Additionally, the argument that the plaintiff fails to plead any plausible claim arising from the Secretary's official acts overlooks the broader context of the Secretary's role in overseeing the implementation of immigration policies and procedures. While the Secretary may delegate authority to USCIS, the overarching policies and directives that guide USCIS's actions are formulated and approved at the highest levels of the Department of Homeland Security. The plaintiff's claims challenge

these policies and their implementation, which are inherently linked to the Secretary's official capacity and responsibilities.

As the head of the Department of Homeland Security (DHS), the Secretary is not merely a figurehead but is responsible for setting the strategic direction and overarching policies that govern the actions of subordinate agencies, including the United States Citizenship and Immigration Services (USCIS). While it is true that the Secretary may delegate specific operational tasks to USCIS, the formulation and approval of the policies and directives that guide USCIS's actions are conducted at the highest levels of DHS, under the Secretary's leadership and authority.

The plaintiff's claims are not isolated grievances against individual USCIS decisions but are fundamental challenges to the broader policies and their implementation, which are inherently linked to the Secretary's official capacity and responsibilities. These policies, which dictate how immigration applications are processed and adjudicated, are crafted and approved under the Secretary's oversight. Therefore, any systemic issues or unlawful practices in the implementation of these policies can be traced back to the directives and strategic decisions made at the DHS level.

Moreover, the Secretary's role in ensuring that immigration laws and policies are administered in accordance with statutory and constitutional mandates cannot be understated. The Secretary is charged with the responsibility of ensuring that the actions of USCIS and other DHS components align with the broader goals and legal

requirements set forth by Congress and the Executive Branch. As such, when the

plaintiff challenges the legality or fairness of the policies guiding USCIS's actions, it is

appropriate and necessary to include the Secretary as a defendant, as these challenges

implicate the Secretary's overarching responsibilities and the policies emanating from

DHS.

## **CONCLUSION**

For all these reasons, Plaintiffs respectfully request that the Court deny

Defendants' Motion to Transfer and Motion to Dismiss. Venue is proper in this District,

and Plaintiff's claims are sufficiently pled to proceed.


April 7, 2025

Respectfully submitted,


   /s/ Marcelo Gondim

Marcelo Gondim, Esq.

Gondim Law Corp

1880 Century Park East, Ste 400

Los Angeles, CA – 90067

Ph: (323)282-7770

Email: court@gondim-law.com

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that on April 7, 2025, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing

to all counsel of record at the following email address:

   kaitlin.eckrote@usdoj.gov

Date: April 7, 2025

                                            /s/ Marcelo Gondim
                              _____
                                  Marcelo Gondim (SBN 271302)
                                  Gondim Law Corp.
                                  1880 Century Park East, Suite 400
                                  Los Angeles, CA 90067
                                  Telephone: 323-282-7770
                                  Email: court@gondim-law.com
                                  Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**THALYSON DIEGO AUGUSTO SANTOS**
          *Plaintiff,*

vs.

**KRISTI NOEM, Secretary of Homeland
Security, ET AL.**

          *Defendants.*

**CASE NO. 25-0062 (ABJ)**

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS**

### [PROPOSED] ORDER

UPON CONSIDERATION Defendant's Motion to Transfer and Motion to Dismiss and the Plaintiffs' Opposition thereto, the Court finds that the Defendants' Motion to Transfer and Dismiss should be denied. The Court has reviewed the arguments and evidence presented by both parties and finds as follows:

1. ORDERED that Defendants' Motion to Transfer is DENIED; and it is further

2. ORDERED that Defendants' Motion to Dismiss is DENIED; and it is further

3. ORDERED that the case shall proceed in the United States District Court for the District of Columbia; and it is further

4. that Defendants shall file an answer to Plaintiff's complaint within 21 days of the date of this Order.

1

2
      IT IS HEREBY ORDERED that the Defendant's Motion to Transfer and Dismiss
3
is DENIED.
4

5        SO ORDERED:

6

7

8        _____          _____

9        Date                              HON. AMY BERMAN JACKSON

10                                         United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
        PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND
                              MOTION TO DISMISS - 18