UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THALYSON DIEGO AUGUSTO SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security, et al.,<br><br>Defendants. | Civil Action No. 25-0062 (ABJ) |

**REPLY IN FURTHER SUPPORT OF MOTION TO TRANSFER AND DISMISS**

i

Defendants respectfully file this reply in further support of their motion to transfer and dismiss (ECF No. 10, "Defs.' Mot.") this action. Plaintiff's Opposition[1] to Defendants' Motion to Dismiss (ECF No. 11, "Pl.'s Opp'n") does not demonstrate that this District is the proper venue for this action. For the reasons set forth in Defendants' Motion and below, the Court should transfer this action to Western District of Tennessee, where Plaintiff resides. Alternatively, the Court should dismiss this case under Federal Rules of Civil Procedure ("Rules") 12(b)(6) and 12(b)(3) as Plaintiff fails to plead facts that make plausible any claim against officials that reside in this District.

## ARGUMENT

### I. THE COURT SHOULD TRANSFER THIS ACTION.

This case presents a controversy with no meaningful connection to the District of Columbia. As such, the Court should transfer this case to Plaintiff's District (where Plaintiff resides). *See* 28 U.S.C. § 1404(a).

#### A. This Case Could Have Been Brought in Plaintiff's District.

Plaintiff does not respond to Defendants' argument that this case could have been brought in the Western District of Tennessee and thus concedes that it could have been. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

---

[1] Plaintiff asserts that Defendants argue that "Plaintiffs lack Article III standing under Rule 12(b)(2) that the venue is improper for most plaintiffs." Pl.'s Opp'n at 8. Defendants have made no such argument, and there is only one Plaintiff in this matter.

B. **The Relevant Factors Support Transferring this Case to Plaintiff's District**

In their motion, Defendants established that the public and private interest factors and the great weight of authority in this District suggest that Plaintiff could have and should have brought this case in Plaintiff's District. Defs.' Mot. at 3-9.

Plaintiff argues that because "high-ranking federal officials, including the Secretary of Homeland Security" reside in this District, venue is proper here. Pl.'s Opp'n at 9. Plaintiff also incorrectly asserts that USCIS is located in the District of Columbia. *Id.* But as previously established, USCIS is not headquartered in this District. Defs.' Mot. at 7. But Plaintiff's argument about high-ranking officials only underscores that he is trying to manufacture venue here. As thoroughly explained in Defendants' motion, this jurisdiction long has recognized that a litigant cannot name high-ranking officials residing here to manufacture venue in this District. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Indeed, the D.C. Circuit has expressly cautioned "[b]y naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere." *Id.*

Plaintiff also argues that this forum has a "meaningful connection to this case," *i.e.*, "decision-making processes and policies." Pl.'s Opp'n at 10. Here, one of the immigration application denials that Plaintiff is challenging occurred in Lincoln, Nebraska. Defs.' Mot. at 8. The other one occurred in Plaintiff's home District in Memphis, Tennessee. *Id.* Neither the applications nor anything that Plaintiff can directly point to occurred in this District. "[W]here, as here, the only real connection [the] lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the [administrative] process, venue is not appropriate in the District of Columbia." *Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 307 (D.D.C. 2017) (internal quotation marks omitted; alterations in original). The private interest factors that are "of predominant importance" are those demonstrating that a

2

plaintiff's claims arose in another District, as they did here. *Bourdon*, 235 F. Supp. 3d at 305. Given the local nature of this controversy, this Court should transfer the case to the Western District of Tennessee.

## II. PLAINTIFF'S CLAIMS ARE ALSO RIPE TO BE DISMISSED DUE TO THEIR LACK OF CONNECTION TO THIS DISTRICT.

Defendants established that Plaintiff's claims are also subject to dismissal because of their lack of connection to this District. Defs.' Mot. at 9-10. Despite Plaintiff's contention otherwise, a litigant cannot name high-ranking officials residing here to manufacture venue in this District. *See Cameron*, 983 F.2d at 256. And Plaintiff's assertion that his claims are "not isolated grievances against individual USCIS decisions" is belied by his Complaint, which argues that Defendants' "decision to deny Plaintiffs' I-485, Application to Register Permanent Residence or Adjust Status should be reversed." Compl. ¶ 42. Similarly, Plaintiff "requests to be granted an opportunity to be heard and that USCIS can reconsider its decision to deny Plaintiffs' I-485 application." *Id.* ¶ 45. There is no question that Plaintiff is challenging the denial of his personal applications as alleged in his Complaint and is not presenting a policy or practice challenge. Plaintiff's basis for venue is anchored on (at most) unsupported assumptions that the Secretary has some direct role in this matter. As previously explained, the Court may dismiss this suit under Rule 12(b)(3) based on a lack of venue.

\* \* \*

## **CONCLUSION**

For the reasons stated herein and in Defendants' motion, this case does not belong here. Accordingly, the Court should transfer or dismiss it.

Dated: April 11, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: _____/s/ *Kaitlin K. Eckrote*_____
KAITLIN K. ECKROTE
D.C. Bar #1670899
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2485

*Attorneys for the United States of America*

4